■ LESTER BERZON et al., Respondents, v. DON ALLEN MOTORS, INC., Appellant, et al., Defendants.— Order unanimously reversed, with costs and motion granted to the extent of dismissing the fifth and sixth causes of action in the complaint. Memorandum: Plaintiffs were passengers in a car which was struck by a truck manufactured by defendant General Motors Corporation and sold to defendant City of Buffalo by defendant-appellant Don Allen Motors, Inc. The complaint alleges six causes of action. We are concerned on this appeal only with the fifth and sixth causes of action in which recovery is sought from appellant for breach of implied warranty relating to the truck's braking mechanism. Special Term denied appellant's motion to dismiss these two causes of action citing *Goldberg* v. *Kollsman Instrument Corp.* (12 N Y 2d 432) as authority for sustaining their sufficiency. The principle enunciated in *Goldberg* created liability on the part of the vendor (appellant) "for breach of law-implied warranties, to the persons whose use is contemplated" (pp. 436–437). In *Thomas* v. *Leary* (15 A D 2d 438) we held that an employee of the purchaser would be such a contemplated user and should be protected under the implied warranty doctrine as "a logical and progressive step" (p. 440) in the application of the *Goldberg* doctrine. To extend *Goldberg* further to include bystanders and strangers, such as the plaintiffs, would be such a radical departure from established law that if it is to be accomplished it should be done by legislative action and not judicial pronouncement. While appellant's notice of motion refers to a dismissal of the complaint it is clear that it sought only the dismissal of the two causes of action "based on a breach of implied warranty". The order denying the motion is even more confusing in that it refers to "action No. 1 against Don Allen Motors, Inc.". It is clear from Special Term's memorandum decision, the briefs of the parties and the argument that the issue was limited to the implied warranty causes of action numbered fifth and sixth. Our reversal of the order herein specifically grants appellant's motion dismissing only the fifth and sixth causes of action contained in paragraphs Thirty-Second through Forty of the complaint contained in the record. (Appeal from order of Erie Special Term denying defendant's motion to dismiss the complaint under CPLR 3211.) Present — Williams, P. J., Bastow, Goldman, Henry and Noonan, JJ.

■ FRANCES L. COMSTOCK et al., Respondents, v. ROCHESTER TRANSIT CORPORATION, Appellant.— Order unanimously affirmed, without costs of this appeal to either party. Memorandum: Our affirmance is based on the precise and special facts and circumstances of this case. (Appeal from order of Monroe Special Term granting plaintiffs' motion to produce for examination the statement or accident report by defendant's employee.) Present — Williams, P. J., Goldman, Henry, Noonan and Del Vecchio, JJ.